THE PROVIDENT INSTITUTION FOR SAVINGS, ETC., RELATOR, v. JOHN D. CASTLES, BUILDING INSPECTOR, ETC., RESPONDENT.

Submitted January 16, 1940—Decided February 7, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the relator, *Insley, Decker & Cross.*

For the respondent, *John H. Cooper.*

PER CURIAM.

This case is before us on a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue commanding the defendant building inspector to issue a permit to the relator for the erection of a building to be used for business purposes at the southeast corner of Belleville Turnpike and Grand Place, in the town of Kearny. The premises in question are in a residence zone.

Adjacent to the lot in question, which is vacant, there is located a building used for business purposes. That building had for a time been in disuse and a permit was denied the owner, the relator herein, who sought to repair it and use it for business purposes. This court granted *mandamus* (11 *N. J. Mis. R.* 773), on the ground that there had been a non-conforming use of the premises prior to the time when the zoning ordinance of the town became effective.

The contention of the relator in the present case is that there had also been a non-conforming use of the vacant lot alongside the building, and therefore it is entitled to the permit sought.

We have before us by way of evidence depositions taken under the rule to show cause and certain testimony given in a proceeding in the Court of Chancery in which the relator unsuccessfully sought to restrain the enforcement of the zoning ordinance with respect to this plot. A reading of this testimony discloses that there is a dispute of fact as to whether or not this lot had actually been used in connection with a plumbing business and a gasoline and automobile accessory business operated in the adjoining building prior to the enactment of the zoning ordinance. Relator claims it was. Witnesses for the respondent insist there was no use of the land other than as a lawn until very recently when it has been used as a parking lot.

In order to obtain *mandamus* to compel the issuance of a building permit, relator must show that its right is clear and

certain. *Jacobs* v. *Elwell,* 8 *N. J. Mis. R.* 495. In the situation presented, we think the relator's right to relief is dependent upon the disputed question of fact, namely whether or not the lot in question was subjected to a non-conforming use prior to the date the zoning ordinance became effective.

We conclude that, in the state of the record, relator is not entitled to a writ. The application is denied.